A0037
A0017

1  Todd F. Nevell, State Bar No. 170054
   Harry F. Scolinos, State Bar No. 62704
2  **SCOLINOS, SHELDON & NEVELL**
   301 North Lake Avenue, 7th Floor
3  Pasadena, California 91101
   Telephone:   (626) 793-3900
4  Facsimile:   (626) 568-0930

5  Attorneys for Plaintiff, DENISE A. ALVERSON

**FILED**
Superior Court of California
County of Los Angeles

JAN 2 5 2016

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
        Ishayla Chambers

7  D74  Teresa Sanchez-Gordon
8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **FOR THE COUNTY OF LOS ANGELES**

11  DENISE A. ALVERSON,                    CASE NO.:  **BC 608100**

12           Plaintiff,                   **COMPLAINT FOR DAMAGES FOR:**

13      v.

14  US BANK, ELAVON INC., and DOES         1. Disability Discrimination;   **By Fax**
    1 through 100, inclusive,
15                                         2. Failure to Engage in Good Faith in the
            Defendants.                       Interactive Process;
16
                                          3. Failure to Accommodate Disability;
17
                                          4. Retaliation for Engaging in Protected
18                                            Activity;

19                                        5. Failure to Prevent and Remedy
                                             Discrimination;
20
                                          6. Violation of California Family Rights Act;
21
                                          7. Retaliation in Violation of California
22                                           Family Rights Act and for Exercise of
                                             Privacy Rights;
23
                                          8. Wrongful Termination in Violation of
24                                           Public Policy

25                                        **[DEMAND FOR JURY TRIAL]**

26  Plaintiff, DENISE A. ALVERSON ("Plaintiff"), alleges as follows:

27                          **THE PARTIES**

28      1.      Plaintiff, DENISE A. ALVERSON, was at all times during the events alleged in

-1-
COMPLAINT FOR DAMAGES

RECEIPT #: CCH5391179120
DATE PAID: 01/25/16
PAYMENT: $4435.00
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:
$4435.00
$0.00
$0.00
$0.00

CIT/CASE:
CRV/DEF #:
BC608100

04  PM  310

1  this Complaint, a resident of the County of Los Angeles, State of California.

2        2.      Defendants, US BANK, ELAVON INC., and DOES 1 through 25 inclusive,

3  were and are corporations, associations, partnerships, joint ventures, or other business entities,

4  doing business in the County of Los Angeles, State of California.   Said Defendants were

5  "employers" as defined by *Government Code* §12900 *et. seq.* (hereinafter "FEHA"), in that said

6  Defendants regularly employed 5 or more persons.

7        3.      DOES 26 through 100, inclusive, were either managers, supervisors, agents,

8  employees and/or officers of defendants, or alternatively, acted separately, individually, apart and

9  outside of the course and scope of that agency and/or employment.

10       4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as

11  DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

12  Plaintiff will ask this Court for leave to amend this Complaint to allege their true names and

13  capacities when the same have been ascertained.   Plaintiff is informed and believes and thereon

14  alleges that each of the fictitiously named defendants is legally responsible in some manner for the

15  events and happenings herein alleged, and that plaintiff's damages as herein alleged were

16  proximately caused by such conduct.   Unless otherwise specified, the use of the term "defendants"

17  throughout this Complaint refers to the named defendants and the DOE defendants, inclusively.

18       5.      Plaintiff is informed and believes and thereon alleges that, at all times mentioned,

19  each of the defendants, including each of the fictitiously named defendants, was the agent and

20  employee of each of the remaining defendants, and in doing the things hereinafter alleged, was

21  acting within the scope and course of such agency.

22              **FACTS COMMON TO ALL CAUSES OF ACTION**

23       6.      The instant action is brought pursuant to California Fair Employment and Housing

24  Act (FEHA), *Government Code* §§ 12920-12940, *et seq,* to obtain relief for Plaintiff for unlawful

25  discrimination and retaliation.   Plaintiff timely caused "Complaint(s) of Discrimination" to be

26  filed with the California Department of Fair Employment and Housing and otherwise complied

27  with the statutorily imposed administrative requirements prior to the commencement of this

28  action.

1       7.     Plaintiff commenced her employment with the Defendants US Bank, Elavon Inc.,

2 and other named Defendants in 2012 as a Payment Solutions Consultant and at all times provided

3 competent, loyal and dedicated service to the Defendants.

4       8.     On April 12, 2014, Plaintiff was placed on medical/disability leave in order to give

5 birth to twin babies, a month prior to the expected due date. Plaintiff worked up through April 11,

6 2014, the day before the birth of the twins.

7       9.     Following their birth, the twins were placed in the neonatal intensive care unit

8 (NICU) where they remained for an extended time.

9       10.    The early birth caused medical complications for both Plaintiff and her twin babies.

10 In addition, Plaintiff suffered from major depression and anxiety. These circumstances resulted in

11 Plaintiff being placed on disability by her treating physicians.

12       11.    Thereafter, Plaintiff's disability was extended by her treating physician. Plaintiff

13 notified Defendants of the same. Nonetheless, Plaintiff began receiving calls from her manager

14 asking when she would be returning and was forced to contact human resources in order to get the

15 phone calls to stop.

16       12.    On January 15, 2015, Plaintiff emailed Defendants' human resources department to

17 inform them that her doctor had extended her disability through February 14, 2015.

18       13.    In response, on January 27, 2015, Plaintiff was terminated.

19       14.    Following her termination, Plaintiff applied for unemployment benefits.

20 Defendants contested Plaintiff's claim. The Employment Development Department (EDD)

21 determined that "claimant was terminated while out on a medical leave of absence and was not

22 allowed to return to work" and ordered unemployment benefits be paid.

23                         **FIRST CAUSE OF ACTION**

24                       **(DISABILITY DISCRIMINATION)**

25              BY PLAINTIFF DENISE A. ALVERSON

                 AGAINST DEFENDANTS U.S. BANK,

26              ELAVON, INC., AND DOES 1 THROUGH

                 100, INCLUSIVE.

27

28       15.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14, as

COMPLAINT FOR DAMAGES

1   though fully set forth in full.

2          16.     Pursuant to California Government Code § 12940, et seq. and Title 1 of the

3   Americans with Disabilities Act of 1990 (42 U.S.C. sections 12101, et seq.)("ADA") it is an

4   unlawful employment practice for an employer, because of the disability of a person, to

5   discriminate against the person in the terms, conditions or privileges of employment.

6          17.     At all times mentioned herein, Plaintiff was suffering from anxiety, depression and

7   emotional and/or mental illness which limited a "major life activity" as described herein.  Despite

8   her disabilities, Plaintiff was able to perform the essential functions of her job with or without

9   reasonable accommodations.

10         18.     Defendants, and each of them, knew of Plaintiff's disabilities and knew or should

11  have known that they fell within the definition of disability under Government Code section

12  12926.  But Defendants further knew or should have known that despite her disabilities, Plaintiff

13  could perform the essential functions of her job with or without reasonable accommodations.

14         19.     Despite their knowledge of the foregoing, Defendants took adverse action against

15  Plaintiff, including the failure to accommodate Plaintiff's disabilities and thereafter terminating

16  her employment because of her disabilities or the effects thereof.

17         20.     In engaging in the foregoing conduct, Defendants aided, abetted, incited,

18  participated in, coerced and/or compelled unlawful employment practices in violation of

19  California's Fair Employment and Housing Act.

20         21.     As a direct, legal and proximate result of plaintiff's disabilities, Defendants, and

21  each of them, discriminated against plaintiff in the terms, conditions and privileges of her

22  employment.

23  Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and

24  mental distress, anguish, humiliation, embarrassment, alienation, fright, shock, pain, past and

25  future medical bills, discomfort, and anxiety.

26         22.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

27  been directly, foreseeably, and proximately caused to suffer actual damages including, but not

28  limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

-4-
COMPLAINT FOR DAMAGES

1   pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

2   when ascertained.

3   **SECOND CAUSE OF ACTION**

4   **(FAILURE TO ENGAGE IN GOOD FAITH IN**
    **THE INTERACTIVE PROCESS)**

5   BY PLAINTIFF DENISE A. ALVERSON

6   AGAINST DEFENDANTS U.S. BANK,
    ELAVON, INC., AND DOES 1 THROUGH

7   100, INCLUSIVE.

8       23.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22, as

9   though fully set forth in full.

10      24.    Pursuant to California Government Code § 12940, et seq. and ADA, an employer

11  must engage in a timely, good faith interactive process in response to a request for reasonable

12  accommodation by an employee or applicant with a known physical or mental disability or known

13  medical condition.

14      25.    Plaintiff had a mental, psychological, medical disability and/or was considered

15  disabled by Defendant.

16      26.    Plaintiff requested that a reasonable accommodation be made for her disability.

17  Specifically, plaintiff asked that as an accommodation for her disability, her unpaid medical leave

18  be extended.  In response, Defendants, and each of them, failed to engage in a timely, good faith

19  accommodation process in order to determine whether Plaintiff's disability could be reasonably

20  accommodated.  Instead, Defendants unlawfully terminated Plaintiff.

21      27.    As a further direct, foreseeable and proximate result of the acts and conduct of

22  Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and

23  continues to suffer from severe emotional and mental distress, anguish, humiliation,

24  embarrassment, alienation, fright, shock, pain, past and future medical bills, discomfort, and

25  anxiety.

26      28.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

27  been directly, foreseeably, and proximately caused to suffer actual damages including, but not

28  limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

-5-
COMPLAINT FOR DAMAGES

1  pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

2  when ascertained.

3  ### THIRD CAUSE OF ACTION

4

5  **(FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF
CALIFORNIA GOVERNMENT CODE § 12940, ET SEQ.)**

6  BY PLAINTIFF DENISE A. ALVERSON

7  AGAINST DEFENDANTS U.S. BANK, ELAVON, INC., AND DOES 1 THROUGH 100, INCLUSIVE.

8

9  29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28, as

10  though fully set forth in full.

11  30.    Pursuant to California Government Code § 12940, et seq. and ADA it is an

12  unlawful employment practice for an employer to fail to make reasonable accommodations for the

13  known disability of an employee.

14  31.    Plaintiff had a mental, psychological, medical disability and/or was considered

15  disabled by Defendant.

16  32.    Plaintiff requested that a reasonable accommodation be made for her disability.

17  Specifically, plaintiff asked that as an accommodation for her disability, her unpaid medical leave

18  be extended.

19  33.    In response, Defendants, and each of them, failed to reasonably accommodate her

20  disability.  Instead, Defendants unlawfully terminated Plaintiff.

21  34.    As a further direct, foreseeable and proximate result of the acts and conduct of

22  Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and

23  continues to suffer from severe emotional and mental distress, anguish, humiliation,

24  embarrassment, alienation, fright, shock, pain, past and future medical bills, discomfort, and

25  anxiety.

26  35.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

27  been directly, foreseeably, and proximately caused to suffer actual damages including, but not

28  limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

-6-

COMPLAINT FOR DAMAGES

1  pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

2  when ascertained.

3  ### FOURTH CAUSE OF ACTION

4  ### (RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY)

5  BY PLAINTIFF DENISE A. ALVERSON
   AGAINST DEFENDANTS U.S. BANK,
6  ELAVON, INC., AND DOES 1 THROUGH
   100, INCLUSIVE.

7

8  36.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as

9  though fully set forth in full.

10  37.    Retaliation for opposing discriminatory practices forbidden by the FEHA or for

11  participating in any manner in the FEHA accommodation process is a separate civil cause of

12  action. *Government Code* §12940(h); *Fisher v. San Pedro Peninsula Hospital,* (1989) 214 Cal.

13  App.3d 590, 614.

14  38.    During her employment with Defendants, Plaintiff engaged in legally protected

15  activities, namely opposing the discrimination practices of defendants based on discrimination

16  and retaliation, by seeking an extension of her unpaid medical leave, by seeking a reasonable

17  accommodation of her disabilities and by exercising her privacy rights regarding her medical

18  history and records.

19  39.    After Plaintiff engaged in the foregoing described protected activities, she was

20  subjected to adverse employment action as described above, including the termination of her

21  employment.

22  40.    The foregoing described adverse employment actions were taken in part or in

23  whole because of Plaintiff's legally protected activity.

24  41.    In engaging in the foregoing conduct, Defendants aided, abetted, incited,

25  participated in, coerced and/or compelled unlawful employment practices in violation of the

26  announced policies of this State against such practices.

27  42.    As a further direct, foreseeable and proximate result of the acts and conduct of

28  Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and

-7-
### COMPLAINT FOR DAMAGES

1  continues to suffer from severe emotional and mental distress, anguish, humiliation,

2  embarrassment, alienation, fright, shock, pain, past and future medical bills, discomfort, and

3  anxiety.

4       43.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

5  been directly, foreseeably, and proximately caused to suffer actual damages including, but not

6  limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

7  pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

8  when ascertained.

9  **FIFTH CAUSE OF ACTION**

10  **(FAILURE TO PREVENT AND REMEDY DISCRIMINATION)**

11  BY PLAINTIFF DENISE A. ALVERSON
AGAINST DEFENDANTS U.S. BANK,
12  ELAVON, INC., AND DOES 1 THROUGH
100, INCLUSIVE.

13

14       44.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as

15  though fully set forth in full.

16       45.    Defendants, and each of them, failed to take all reasonable steps necessary to

17  prevent discrimination and retaliation in employment from occurring.  Furthermore, said

18  Defendants knew or should have known of the discrimination and retaliation against Plaintiff

19  described above, yet failed to conduct an adequate investigation into the nature and substance of

20  the discrimination and/or retaliation and failed to take immediate and appropriate corrective action

21  so as to discipline any of the offenders.

22       46.    By failing to take all reasonable steps to prevent discrimination and retaliation, and

23  by failing to properly investigate and remedy the discrimination and retaliation that occurred,

24  Defendants committed unlawful employment practices as described and prohibited in Government

25  Code section 12940(k).

26       47.    In engaging in the foregoing conduct, Defendants aided, abetted, incited,

27  participated in, coerced and/or compelled unlawful employment practices in violation of the

28  announced policies of this State against such practices.

-8-
COMPLAINT FOR DAMAGES

48.     As a further direct, foreseeable and proximate result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, alienation, fright, shock, pain, past and future medical bills, discomfort, and anxiety.

49.     By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly, foreseeably, and proximately caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

### SIXTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT)

BY PLAINTIFF DENISE A. ALVERSON AGAINST DEFENDANTS U.S. BANK, ELAVON, INC., AND DOES 1 THROUGH 100, INCLUSIVE.

50.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as though fully set forth in full.

51.     Plaintiff is a member of the class of persons entitled to protected medical and/or family leave under the California Family Rights Act, embodied in Government Code section 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) months prior to Plaintiff's requested and/or taken leaves. Further, Plaintiff had qualifying serious health conditions as described herein.

52.     Defendants are employers covered by and subject to the California Family Rights Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full- or part-time employees for each working day of each of the twenty (20) calendar weeks preceding and following the leave periods.

53.     Defendants violated the California Family Rights Act by refusing to allow Plaintiff

-9-
COMPLAINT FOR DAMAGES

1 | to take required leave without consequence, terminating Plaintiff because of protected absences,

2 | interfering with Plaintiff's right to leave, counting Plaintiff's legally-protected absences against

3 | Plaintiff for purposes of termination, otherwise discouraging Plaintiff from taking required leave

4 | and/or failing to advise Plaintiff about leave rights and procedures regarding the taking of

5 | protected leave.

6 |       54.    In engaging in the foregoing conduct, Defendants aided, abetted, incited,

7 | participated in, coerced and/or compelled unlawful employment practices in violation of the

8 | announced policies of this State against such practices.

9 |       55.    As a direct, foreseeable and proximate result of the acts and conduct of Defendants,

10 | and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer

11 | from severe emotional and mental distress, anguish, humiliation, embarrassment, alienation,

12 | fright, shock, pain, past and future medical bills, discomfort, and anxiety.

13 |       56.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

14 | been directly, foreseeably, and proximately caused to suffer actual damages including, but not

15 | limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

16 | pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

17 | when ascertained.

18 | **SEVENTH CAUSE OF ACTION**

19 | **(RETALIATION IN VIOLATION OF CALIFORNIA FAMILY RIGHTS ACT
     AND FOR EXERCISE OF PRIVACY RIGHTS)**

20 |

21 | BY PLAINTIFF DENISE A. ALVERSON
     AGAINST DEFENDANTS U.S. BANK,
     ELAVON, INC., AND DOES 1 THROUGH

22 | 100, INCLUSIVE.

23 |       57.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56, as

24 | though fully set forth in full.

25 |       58.    Plaintiff is a member of the class of persons entitled to protected medical and/or

26 | family leave under the California Family Rights Act, embodied in Government Code section

27 | 12945.2. Specifically, Plaintiff worked for more than one (1) year for Defendants and worked in

28 | excess of one thousand two hundred and fifty hours (1,250) in the preceding twelve (12) months

1 prior to Plaintiff's requested and/or taken leaves.  Further, Plaintiff had qualifying serious health

2 conditions as described herein.

3     59.    Defendants are employers covered by and subject to the California Family Rights

4 Act (or other persons subject to suit under it) because Defendants employed fifty (50) or more full-

5 or part-time employees for each working day of each of the twenty (20) calendar weeks preceding

6 and following the leave periods.

7     60.    Defendants violated the California Family Rights Act by retaliating against

8 Plaintiff because she sought to exercise and/or did exercise rights under the California Family

9 Rights Act, including, but not limited to, Defendants terminated Plaintiff's employment in whole

10 or in part because she sought to exercise and/or did exercise rights under the California Family

11 Rights Act and the exercise of her confidentiality and privacy rights regarding her medical history

12 and records.

13     61.    In engaging in the foregoing conduct, Defendants aided, abetted, incited,

14 participated in, coerced and/or compelled unlawful employment practices in violation of the

15 announced policies of this State against such practices.

16     62.    As a direct, foreseeable and proximate result of the acts and conduct of Defendants,

17 and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer

18 from severe emotional and mental distress, anguish, humiliation, embarrassment, alienation,

19 fright, shock, pain, past and future medical bills, discomfort, and anxiety.

20     63.    By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has

21 been directly, foreseeably, and proximately caused to suffer actual damages including, but not

22 limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other

23 pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend

24 when ascertained.

25 **EIGHTH CAUSE OF ACTION**

26 **(WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)**

27 BY PLAINTIFF DENISE A. ALVERSON
28 AGAINST DEFENDANTS U.S. BANK, ELAVON, INC., AND DOES 1 THROUGH 100, INCLUSIVE.

-11-
COMPLAINT FOR DAMAGES

64.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63, as though fully set forth in full.

65.   Plaintiff's employment was terminated in violation of fundamental public policies of the State of California, including, without limitation, the right to protections against discrimination because of a disability, the right to accommodations of a disability and the right to take statutory medical leave under the California Family Rights Act and/or Family and Medical Leave Act and the right to confidentiality of her medical records. These fundamental public policies inure to the benefit of the public, and not just the private interests of the employer and employee.

66.   As set forth above, said actions by Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of California as reflected in its laws, objectives and policies. Said laws, which establish these fundamental public policies include, without limitation: Government Code section 12940, et seq., Government Code section 12945.2 and related sections including the Family Medical Leave Act.

67.   In engaging in the foregoing conduct, Defendants aided, abetted, incited, participated in, coerced and/or compelled unlawful employment practices in violation of the announced policies of this State against such practices.

68.   As a direct, foreseeable and proximate result of the acts and conduct of Defendants, and each of them, as aforesaid, Plaintiff has been caused to and did suffer and continues to suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, alienation, fright, shock, pain, past and future medical bills, discomfort, and anxiety.

69.   By the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has been directly, foreseeably, and proximately caused to suffer actual damages including, but not limited to, loss of earnings and future earning capacity, attorneys' fees, costs of suit and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

   **WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

-12-
COMPLAINT FOR DAMAGES

1.     For general damages in an amount in excess of the jurisdictional minimum of this court and to be proven at trial, including damages for emotional distress;

2.     For special damages in an amount according to proof;

3.     For loss of earnings and earning capacity, both front and back pay, and any other job benefits to which Plaintiff would have been entitled to by reason of her employment with Defendants, according to proof;

4.     For costs of suit incurred herein;

5.     For reasonable attorneys' fees and costs incurred pursuant to statute and to the extent otherwise permitted by law;

6.     For prejudgment interest to the extent permitted by law;

7.     For permanent injunctive relief to prevent and deter the illegal employment practices complained of above; and

8.     For such other and further relief as the Court deems just and proper.

DATED: January 11, 2016              SCOLINOS, SHELDON & NEVELL

By    _____

TODD F. NEVELL
Attorneys for Plaintiff, DENISE A. ALVERSON.

-13-
COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd F. Nevell, State Bar No. 170054<br>SCOLINOS, SHELDON & NEVELL<br>301 North Lake Avenue, 7th Floor<br>Pasadena, California 91101 | |

TELEPHONE NO.: (626) 793-3900    FAX NO.: (626) 568-0930
ATTORNEY FOR *(Name):* Plaintiff, DENISE A. ALVERSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 111 North Hill Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Los Angeles 90012
  BRANCH NAME: Central District, Stanley Mosk Courthouse

**FILED**
Superior Court of California
County of Los Angeles

JAN 2 5 2016

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Moriya Chambers

CASE NAME:
Denise A. Alverson v. US Bank, et al.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: **BC 6 0 8 1 0 0** |
|---|---|---|
| ☑ Unlimited    ☐ Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision     **By Fax**

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 8   Disability Discrimination; Failure to Engage in Good Faith in the Interactive Process; Failure to Accommodate Disability; Retaliation for Engaging in Protected Activity; Failure to Prevent and Remedy Discrimination; Violation of California Family Rights Act; Retaliation in Violation of California Family Rights Act for Exercise of Privacy Rights; Wrongful Termination in Violation of Public Policy
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 21, 2016
Todd F. Nevell, Esq.
_____ ▶ _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
                                                           Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

 

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: Alverson v. US Bank, et al. | CASE NUMBER BC 6 0 8 1 0 0 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES  LIMITED CASE? ☐YES  TIME ESTIMATED FOR TRIAL 7   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

**By Fax**

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: Alverson v. US Bank, et al. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1.②3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Alverson v. US Bank, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Alverson v. US Bank, et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>818 West Seventh Street, Suite 930 |
|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90017 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: January 21, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**